ETHEL GOETZ, an Infant, by ETHEL GOETZ, Her Guardian ad Litem, and CHARLES GOETZ, Appellants, v. BENJAMIN KOGUT and LUTHERAN HOSPITAL OF BROOKLYN, Respondents.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

HENRY J. GUCKER, Plaintiff, Respondent, v. THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant; MARY CLARK DEBRABANT, Defendant, Respondent, and Others, Defendants. CHRISTINA A. KOCH, Plaintiff, Respondent, v. THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant; MARY CLARK DEBRABANT, Defendant, Respondent, and Others, Defendants. ELLA R. BUNCE and Others, Plaintiffs, Respondents, v. THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant; MARY CLARK DEBRABANT, Defendant, Respondent, and Others, Defendants. ALBERT GUCKER, Plaintiff, Respondent, v. THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant; MARY CLARK DEBRABANT, Defendant, Respondent, and Others, Defendants.— Motion for reargument of appeals denied, with one bill of ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

HARRY L. HORN, Respondent, v. FRED H. BENNETT, Appellant, and HARRY W. BENNETT, Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

In the Matter of the Application of GEORGE ANGLESEA and MARTHA BECKER STODDARD for Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of FREDERICKE H. B. ANGLESEA, Deceased. GEORGE ANGLESEA, Appellant; MARTHA BECKER STODDARD, GEORGE BECKER, FREDERICK MILLER and CAROLINE MILLER PRAHM, Respondents.— The motion for reargument of motion to dismiss appeal is referred to the court that rendered the decision on the motion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ. In deciding the former motion, based on somewhat confused and voluminous affidavits, it was inadvertently and inaccurately stated that the appellant, George Anglesea, a copetitioner, was one of the executors, when, as a matter of fact, it was his deceased brother, Thomas Anglesea, who was an executor. This error of description did not affect the decision. The construction by the surrogate excised paragraph 18 of the will and left the remaining provisions standing as valid. The only apparent effect was to accelerate the payment of certain legacies. The appellant fails to point out in any respect where the other paragraphs of the will are invalid, or otherwise affected by the excision of paragraph 18. The decision handed down on April 22, 1938 [ante, p. 718], is amended to read as follows: The will of Fredericke H. B. Angelsea, who died May 30, 1934, devised certain real estate to her husband, made other specific bequests and provided for certain trusts, with a provision that her husband and five children and grandchildren should share equally in the residuary estate. Paragraph 18 of the will gave directions that no real estate should be sold until six years after her death and directed the accumulation of income to pay taxes, repairs and other carrying charges on her real estate, with the balance added to the residuary fund. In particular, it provided for the payment of such charges on the real estate of her husband. The husband died about two years later. In a proceeding to construe the will the parties agreed that paragraph 18 was invalid because of the illegal suspension of the power of alienation. It was, therefore,